IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE BLAKEMORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 23 C 7067 |
| ) | |
| BEAL PROPERTIES, LLC; JOSHUA ) | |
| SAMSON; CITY OF CHICAGO; ) | |
| and MATTHEW BEAUDET, ) | |
| ) | |
| Defendants. ) | |

### ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

George Blakemore has filed a *pro se* lawsuit against Beal Properties, LLC, and three other defendants: Joshua Samson, the City of Chicago, and Matthew Beaudet. The basis for Mr. Blakemore's claims against the three latter defendants is not clear and is not explained in his complaint. Regardless, Mr. Blakemore (who paid the filing fee and did not seek to proceed *in forma pauperis*) did not accomplish service upon these defendants in a timely fashion and has not pursued his claims against them. The Court will return to those defendants at the end of this order.

Mr. Blakemore, an artist who is in his 80s, alleges in his complaint that he resided for many years—indeed, decades—in an apartment at 1347 N. Dearborn St. in Chicago. Beal Properties managed the property for its owner, which is an entity called Dearborn Building IV LLC. Taking Mr. Blakemore's allegations as true, he was living in appalling conditions—no heat for over thirteen years (!!), a general failure to make repairs and do maintenance, and other significant problems that were noted by City of Chicago building inspectors. He filed fair housing complaints against Beal Properties

with various local and state agencies.

In his complaint in this case, Mr. Beal alleges that the conditions at the property, or at least Beal Properties' failure to remedy those conditions, amounted to discrimination against him based on a disability or handicap, as well as race and age discrimination. At some point, Beal Properties filed a lawsuit in state court seeking to evict Mr. Blakemore. Mr. Blakemore alleges that this constituted retaliation for his earlier complaints.

In his complaint in the present case, Mr. Blakemore alleges that "Beal Property never proved their case in civil court" and "instead . . . offered Mr. Blakemore a total amount of $4,000.00 to be disbursed in two payments, $3000 before he moved out of the unit and $1000 after he vacated. He never received the final payment of $1000 from Beal Property." Compl. (dkt. no. 1), ECF p. 10 of 25.

Beal Properties, the only defendant in the present case that Mr. Blakemore caused to be served with summons, has filed a motion for summary judgment. It contends that Mr. Blakemore released all of his claims against Beal Property as well as Mr. Samson, a Beal Properties employee, in a settlement agreement made in connection with the state court eviction lawsuit. Mr. Blakemore was represented by counsel in that lawsuit.

Specifically, in March 2020, Mr. Blakemore entered into a written "Agreement of Settlement and Release" with Beal Properties and Dearborn Building IV LLC. The agreement referenced the state court eviction lawsuit, including Mr. Blakemore's contentions in that case that Beal Properties' actions amounted to illegal retaliatory eviction. The agreement recited that Mr. Blakemore and Beal Properties/Dearborn

2

"have agreed to fully settle and compromise the causes of action, claims, counterclaims and defenses asserted in or relating to the Action and all other claims they may have between them." Def.'s Mot., Ex. A, p. 2. Under the agreement, Mr. Blakemore agreed to vacate the apartment by May 15, 2020. *Id.*, p. 4. Dearborn agreed to pay $3,000 to Mr. Blakemore upon execution of the settlement agreement. *Id.*, p. 3. Dearborn also agreed to pay Mr. Blakemore $3,000, called the "vacate payment," if he vacated the apartment by May 15, 2020, and an additional $1,000, called the "early vacate payment," if he vacated by April 15, 2020. *Id.* Under the agreement, if Mr. Blakemore failed to vacate the apartment by May 15, 2020, "Blakemore forfeits payment of and Dearborn and Beal are not required to pay the Vacate Payment and the Early Vacate Payment to Blakemore." *Id.* The agreement also provided for dismissal of Mr. Blakemore's claims with various government agencies and dismissal of Dearborn's claims for rent. *Id.*, p. 4. Finally, under the agreement, each party released all claims and potential claims against each other and their employees and agents, with the exception of the duties imposed by the settlement agreement. *Id.*, p. 5. The agreement also included a provision stating that if Mr. Blakemore did not vacate the apartment by May 15, 2020 as agreed, he consented to a judgment of eviction, "enforceable instanter." *Id.*, p. 7.

The record reflects that Beal Properties/Dearborn paid Mr. Blakemore the initial $3,000 payment on or about March 5, 2020. Def.'s Mot., Ex. C. However, Mr. Blakemore did not vacate the apartment by May 15, 2020 as agreed. Beal Properties evidently returned to state court to seek Mr. Blakemore's eviction. On February 9, 2021, a state court judge entered an order that stated, among other things, that "[e]he parties

3

in agreement [sic] that Defendant Blakemore has not complied with the agreement . . . ." Def.'s Mot., Ex. D, p. 1. The same date, the state court judge awarded possession of the apartment to Dearborn and Beal Properties and directed the Sheriff to evict Mr. Blakemore, "subject to the applicable moratoriums on enforcement," an apparent reference to a COVID pandemic-related eviction moratorium. *Id.*, p. 2.

In short, Mr. Blakemore entered into a settlement agreement with Beal Properties and Dearborn in which he received $3,000, agreed to leave the apartment by May 15, 2020, would be paid more money if he left by that date, *and* released any claims he had against Beal Properties, Dearborn, and their employees. The release covered "any and all claims," "whether known or unknown," that Mr. Blakemore had against Beal Properties, Dearborn, and their employees and agents as of the settlement agreement's effective date.

The release, so worded, includes all of the claims that Mr. Blakemore has asserted in this lawsuit, except maybe for one—which the Court will get to in a second. Mr. Blakemore's claims here all concern the alleged failure by Beal Properties to provide heat and proper maintenance and repairs. Those are the same sorts of claims that Mr. Blakemore had asserted as a defense and counterclaims in the state court eviction case, and those claims all existed as of the settlement agreement's effective date. A release amounts to the abandonment of a claim to the person against whom the claim exists." *ADM All. Nutrition, Inc. v. SGA Pharm Lab, Inc.*, 877 F.3d 742, 746 (7th Cir. 2017) (internal quotation marks omitted). In short, Mr. Blakemore abandoned, via the release, the claims that he is asserting in this lawsuit.

In his response to Beal Properties' motion for summary judgment, Mr. Blakemore

appears to contend that Beal did not live up to its part of the settlement agreement. Specifically, he says that Beal did not make a $1,000 payment that Mr. Blakemore contends was due under the agreement. But that's not what the settlement agreement said. The $1,000 payment was payable only if Mr. Blakemore vacated the apartment by April 15, 2020, and another $3,000 was payable only if he vacated by May 15, 2020 as he promised to do. But Mr. Blakemore did not vacate the apartment by either of those dates, and thus Beal Properties/Dearborn was not required to make either of those payments. In fact, the state court judge's order reflects that Mr. Blakemore *agreed* that he had not complied with his obligations under the settlement agreement. *See* Def.'s Mot., Ex. D, p. 1. Thus Beal Properties' failure to make the additional payments under the settlement agreement does not relieve Mr. Blakemore from the consequences of his release of his claims against Beal.

     Mr. Blakemore's release covered all claims that he had at the time, which as the Court has noted includes the discrimination and retaliation claims that Mr. Blakemore has asserted in this lawsuit. The only claim *possibly* made by Mr. Blakemore in this case that the release does not cover would be a claim for breach of the settlement agreement itself. But even assuming that Mr. Blakemore is making such a claim in this case, that claim would be barred as well. Specifically, the state court judge's order finding that Mr. Blakemore had breached the settlement agreement is binding on Mr. Blakemore and bars any claim *by him* for a breach. That order was a final and appealable order, and it directly addressed any claim by Mr. Blakemore for breach of the settlement agreement. Mr. Blakemore cannot relitigate the point here. The doctrine of *res judicata*, or claim preclusion, bars a claim if a court of competent jurisdiction has

entered judgment on the merits of the same claim in an earlier suit involving the same parties. See, e.g., Cossio v. Blanchard, 836 F. App'x 434, 437 (7th Cir. 2020). That is the situation here with respect to any claim for breach of the settlement agreement.

## Conclusion

For the reasons stated in this order, Beal Properties and its employee, Joshua Samson, are entitled to summary judgment. The Court therefore grants Beal Properties' motion for summary judgment [dkt. no. 21] and dismisses with prejudice Mr. Blakemore's claims against Beal Properties, LLC and Joshua Samson. As for the other two defendants, the City of Chicago and Matthew Beaudet, Mr. Blakemore failed to cause them to be served with summons within the time required by Federal Rule of Civil Procedure 4(m), and he has failed generally to prosecute the claims against those defendants. The claims against those defendants are therefore likewise dismissed. The telephonic status hearing set for May 28, 2024 (misdocketed as May 21, 2024) is vacated. The Clerk is directed to enter judgment stating as follows: Plaintiff George Blakemore's claims against defendants Beal Properties LLC and Joshua Samson are dismissed with prejudice; plaintiff George Blakemore's claims against defendants City of Chicago and Michael Beaudet are dismissed for failure to prosecute and for failure to make timely service of process.

Date: May 15, 2024

_____
MATTHEW F. KENNELLY
United States District Judge

6